Matter of Verma v Department of Educ. of the City of N.Y. (2021 NY Slip Op 01879)





Matter of Verma v Department of Educ. of the City of N.Y.


2021 NY Slip Op 01879


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 152674/19 Appeal No. 13427 Case No. 2020-03840 

[*1]In the Matter of Yuvraj Verma, Petitioner-Appellant,
v
The Department of Education of the City of New York et al., Respondents-Respondents.


Stewart Lee Karlin Law Group P.C., New York (Daniel Edward Dugan of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Anna Gottlieb of counsel), for respondents.



Judgment, Supreme Court, New York County (Debra A. James, J.), entered July 28, 2020, denying the petition to annul respondents' determination, dated November 29, 2018, which terminated petitioner's probationary employment as a teacher, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
"A probationary employee may be terminated without a hearing for any reason or no reason at all, as long as the dismissal was not unlawful or in bad faith" (Matter of Childs v Board of Educ. of the City Sch. Dist. of the City of N.Y., 176 AD3d 560 [1st Dept 2019]). Here, the record shows that petitioner's dismissal was made in good faith, and was based on his declining performance evaluations and incidents of disciplinary misconduct. Petitioner's assertion that he was terminated in retaliation for his reporting that a co-teacher allegedly engaged in corporal punishment against a student on October 1, 2018 is speculative, given evidence of his deficient work performance and his disciplinary misconduct, which the school administration began to document several months before the October 2018 incident (see Matter of Johnson v City of New York, 281 AD2d 322 [1st Dept 2001]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021